PIEKARSKI & BRELSFORD, P.C.
2633 E Indian School Rd., Ste. 460
Phoenix AZ 85016
Phone: (602) 956-1161
Fax: (480) 247-4383
Christopher J. Piekarski, AB# 019251
Nathan J. Brelsford, AB# 024853
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **AUSTIN BEHN**, an unmarried man, | Case No.: 2:10-cv-00849 |
| Plaintiff, | COMPLAINT |
| vs. | UNPAID OVERTIME; UNPAID WAGES |
| **O.H.M.N.I. INCORPORATED**, an Arizona Corporation duly licensed to do business in the State of Arizona; **JOHN DOES 1-5**; **JANE DOES 1-5**; and **ABC CORPORATIONS 1-5**, | |
| Defendants. | |

Plaintiff, by and through his undersigned counsel, submits the following claims:

**I.**

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of Maricopa County, Arizona.

2. Defendant O.H.M.N.I. Incorporated is an Arizona Corporation duly licensed to do business within the State of Arizona with its principle place of business located within Maricopa County, Arizona.

3. Defendants JOHN DOES 1-5, JANE DOES 1-5 and ABC CORPORATIONS 1-5 are persons or entities that may be liable to Plaintiff whose true identities are presently not known to Plaintiff. Plaintiff reserves the right to amend his complaint to set forth the true names of these persons or entities when they become known to him.

4. All relevant activities took place within Maricopa County, Arizona.

5.  This Court has jurisdiction over this matter pursuant to 29 U.S.C. 201 et seq. and 13 U.S.C. 1367.

## II.

## FACTUAL BACKGROUND

6.  Plaintiff was hired by the Defendant in April, 2007.

7.  Plaintiff was and continues to be employed as a "Direct Care Staff Facilitator".

8.  From April, 2007 until October, 2009 Plaintiff's rate of pay was $10.00 (ten and 00/100 dollars) per hour.

9.  Since October 30, 2009, Plaintiff's rate of pay has been $12.00 (twelve and 00/100 dollars) per hour.

10. At all times during his employment with the Defendant, Plaintiff remained "non-exempt" under the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.,* requiring that he be paid time-and-one-half of his hourly rate for all hours over forty (40) per week.

11. During his employment with the Defendant, Plaintiff typically worked between sixty (60) and eighty (80) hours each week.

12. During this period, Plaintiff was never paid time-and-one-half of his hourly rate for all hours over forty (40) per week.

## III.

## COUNT ONE

## (UNPAID OVERTIME)

13. All of the preceding paragraphs are incorporated herein by reference.

14. Plaintiff has been employed by the Defendant as a staff facilitator.

15. Plaintiff's job duties consisted of supervising group home residents, making appointments for the residents, filing necessary paperwork, conducting fire drills and safety checks at group homes, facility maintenance and maintaining files on group homes.

16. Plaintiff typically worked between sixty and eighty hours per week.

17. Plaintiff was never paid one-and-one-half times his hourly rate for hours worked in excess of forty hours per week.

18. Plaintiff was typically paid either his hourly rate or an amount slightly higher than his hourly rate, but substantially less than one and one half times his hourly rate as required by federal law.

19. By the acts and conduct set forth above, defendant has violated the Fair Labor Standards Act, 29 U.S.C. 255.

20. The conduct of the defendant was willful as defined by the Fair Labor Standards Act, 29 U.S.C. 255.

## IV.

## COUNT TWO

## (UNPAID WAGES)

28. All of the preceding paragraphs are incorporated herein by reference.

29. Plaintiff, in accordance with the Defendant's policy, submitted time sheets reflecting hours worked on a weekly basis.

30. The Defendant would routinely fail to pay the plaintiff for all hours actually worked as reflected on his time sheets.

31. The Defendant often failed to pay the plaintiff at the end of each pay period as prescribed by its own policy as well as state and federal statutes.

32. The reduction of hours constitutes a failure to pay wages under Arizona Revised Statue §23-355, for which the Plaintiff is entitled to treble damages.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1. For damages pursuant to Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* in an amount to be proven at trial;

2. For damages pursuant to the Arizona Wage Statute, Arizona Revised Statue §23-355, in an amount to be proven at trial;

3. For the Plaintiff's reasonable attorney's fees and costs in bringing this matter; and

4. For such other relief as the Court may deem just and proper.

RESPECTFULLY Submitted this 16th day of April, 2010.

                        PIEKARSKI & BRELSFORD, P.C.

                      By: /s/ Christopher J. Piekarski
                          Christopher J. Piekarski
                          2633 E Indian School Road
                          Suite 460
                          Phoenix, AZ 85016
                          Attorney for Plaintiff